UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID RENE ARREDONDO,<br><br>Defendant. | Case No: 23-CR-373 (RCL) |

# NOTICE OF CHARGES AND ELEMENTS

The United States, through undersigned counsels, respectfully submits a notice that sets out the charges, statutory maximums, and elements. This notice is submitted for the Court's consideration at Defendant's change of plea hearing on January 3, 2024.

For the United States:

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

/s/*Raymond K. Woo*
Raymond Woo
AZ Bar No. 023050
Alexander Diamond
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20001
(602) 514-7736
raymond.woo@usdoj.gov
alexander.diamond@usdoj.gov

I.  **Charges**

Defendant, David Rene Arredondo, was charged with a superseding indictment on October 25 2023.  ECF No. 38.  The superseding indictment alleges the following eight criminal counts.

## COUNT ONE: CIVIL DISORDER

Count One charges Civil Disorder, a Class D felony offense, in violation of Title 18, United States Code, Section 231.  Count One is punishable by a maximum of 5 years of imprisonment, up to a $250,000 criminal fine, and up to 3 years of supervised release.  The government respectfully submits that the elements of Count One are as follows:

**First**, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

**Second**, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

**Third**, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's

property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[1]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[2]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[3]

---

[1] Source: Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[2] Source: *See* 18 U.S.C. § 232(3).

[3] Source: *See, e.g., United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[4]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[5]

---

carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23),*United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[4] Source: *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[5] Source: *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the

## COUNT TWO: ASSAULTING, RESISTING, OR IMPEDING OFFICERS[6]

Count Two charges Defendant with Assaulting, Resisting, or Impeding Certain Officers or Employees (to wit: Officer T.M.), a Class D felony offense, in violation of Title 18, United States Code, Section 111(a)(1).  Count Two is punishable by a maximum of 8 years of imprisonment, up to a $250,000 criminal fine, and up to 3 years of supervised release.   The government respectfully submits that the elements of Count Two are as follows:

**First**, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer T.M., an officer from the United States Capitol Police Department.

**Second**, the defendant did such acts forcibly.

**Third**, the defendant did such acts voluntarily and intentionally.

**Fourth**, Officer T.M. was an officer or an employee of the United States who was then engaged in the performance of his official duties.

**Fifth**, the defendant made physical contact with Officer T.M., or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

---

defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

[6] Source: For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[7]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[8]

---

[7] Source: *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases). For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

[8] Source: *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*,

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[9]

---

21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19-20).

[9] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20-21).

## COUNT THREE: ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[10]

Count Three charges Defendant with Entering or Remaining in a Restricted Building or Grounds, a Class A misdemeanor, in violation of Title 18, United States Code, Section 1752(a)(1). Count Three is punishable by a maximum of 1 year of imprisonment, up to a $100,000 criminal fine, and up to 1 year of supervised release. The government respectfully submits that the elements of Count Three are as follows:

**First**, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

**Second**, the defendant did so knowingly.

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[10] Source: 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

## COUNT FOUR : DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING [11]

Count Four Defendant with Disorderly or Disruptive Conduct in a Restricted Building or Grounds, a Class A misdemeanor, in violation of Title 18, United States Code, Section 1752(a)(2). Count Four is punishable by a maximum of 1 year of imprisonment, up to a $100,000 criminal fine, and up to 1 year of supervised release. The government respectfully submits that the elements of Count Four are as follows:

**First**, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

**Second**, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

**Third**, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Definitions</u>

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[12] Disorderly conduct includes when a person acts in such a

---

[11] Source: 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

[12] Source: *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken.[13]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[14]

The terms "restricted building or grounds" have the same meaning described in the instructions for Count Three.  The term "knowingly" has the same meaning described in the instructions for Count One.

---

[13] Source: *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).
[14] Source: Redbook 6.643.

## COUNT FIVE: ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS [15]

Count Five charges Defendant with Engaging in Physical Violence in a Restricted Building or Grounds, a Class A misdemeanor, in violation of Title 18, United States Code, Section 1752(a)(4). Count Five is punishable by a maximum of 1 year of imprisonment, up to a $100,000 criminal fine, and up to 1 year of supervised release. The government respectfully submits that the elements of Count Fie are as follows:

**First**, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

**Second**, the defendant did so knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" have the same meaning described in the instructions for Count Three.

The term "knowingly" has the same meaning described in the instructions for Count One.

---

[15] Source: *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 18); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 40-41).

## COUNT SIX: DISORDERLY CONDUCT IN A
## CAPITOL BUILDING OR GROUNDS[16]

Count Six charges Defendant with Disorderly and Disruptive Conduct in a Capitol Building or Grounds, a Class B Misdemeanor, in violation of Title 40, United States Code, Section 5104(e)(2)(D). Count Six is punishable by a maximum of 6 months of imprisonment, up to a $5,000 criminal fine, and up to 5 years of probation. The government respectfully submits that the elements of Count Six are as follows:

**First**, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

**Second**, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

**Third**, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The "Capitol Grounds" includes the area depicted in Government's Exhibit X.

The terms "Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Four. For purposes of this offense, "the orderly

---

[16] Source: *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[17]

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[18]

The term "knowingly" has the same meaning described in Count One.

---

[17] Source: *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).
[18] Source: *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

## COUNT SEVEN: ACT OF PHYSICAL VIOLENCE AT THE CAPITOL BUILDING OR GROUNDS[19]

Count Seven charges Defendant with an Act of Physical Violence in the Capitol Building or Grounds, a Class B Misdemeanor, in violation of Title 40, United States Code, Section 5104(e)(2)(F). Count Seven is punishable by a maximum of 6 months of imprisonment, up to a $5,000 criminal fine, and up to 5 years of probation. The government respectfully submits that the elements of Count Seven are as follows:

**First**, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

**Second**, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count Five, the threat of infliction of bodily harm is sufficient to meet this definition.

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Six.

---

[19] Source: *United States v. Alberts*, 21-cr-26 (CRC) (ECF No. 147 at 20); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 36); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 43), <u>United States v. Christensen</u>, 21-cr-455 (RCL) (ECF No. 72 at 19). See also *United States v. Jones*, 21-cr-213 (RJL) (ECF No. 75 at 9-10) (notes for bench verdict setting out elements and defining "act of physical violence" to include destruction of property).

The term "knowingly" has the same meaning described in the instruction for Count One.

The term "willfully" has the same meaning described in the instructions for Count Six.

## COUNT EIGHT: PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING[20]

Count Eight charges Defendant with Parading, Demonstrating, or Picketing in a Capitol Building, a Class B Misdemeanor, in violation of Title 40, United States Code, Section 5104(e)(2)(G). Count Eight is punishable by a maximum of 6 months of imprisonment, up to a $5,000 criminal fine, and up to 5 years of probation. The government respectfully submits that the elements of Count Eight are as follows:

**First,** the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

**Second,** the defendant acted willfully and knowingly.

<u>Definitions</u>

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[21]

The term "Capitol Buildings" has the same meaning described in the instructions for Count Six.

---

[20] Source: *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 19).

[21] Source: *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 44). *See also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

The term "knowingly" has the same meaning described in the instructions for Count One.

The term "willfully" has the same meaning described in the instructions for Count Six.