# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | NO. 22-CR-0373-RCL-001 |
| DAVID RENE ARREDONDO | § § § § | |

## DEFENDANT'S AMENDED SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

TO THE HONORABLE ROYCE C. LAMBERTH, DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

David Rene Arredondo ("Mr. Arredondo"), respectfully requests a below-guideline sentence based on the comparatively less-aggressive nature of his offense.

### I.    Background

On January 3, 2024, Mr. Arredondo pleaded guilty to the entirety of his superseding indictment.[1] PSR ¶¶ 1 and 3.

Mr. Arredondo's guideline range was calculated at 12 months for Counts 3, 4, and 5 and 27-33 months for all other counts. PSR ¶ 111. However, Mr. Arredondo

---

[1] The charges include: Civil Disorder in violation of 18 U.S.C. §231(a)(3), Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1),  Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. §1752 (a)(1), Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18  U.S.C. § 1752(a)(2), Engaging in Physical Violence in a Restricted Building or Grounds in violation of 18 U.S.C. §1752(a)(4), Disorderly Conduct in a Capital Building, in violation of 40 U.S.C. § 5104(e)(2)(D), Act of Physical Violence in the Capitol Grounds or Buildings in violation of  40 U.S.C. § 5104(e)(2)(F), and Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G).

objected to the application of the Aggravated Cross Reference for Counts 1, 2, and 5, and the resulting Victim Related Adjustment, based on the insufficient evidentiary basis for its application. *See* Def's PSR Obj.. If the Court were to grant those objections, Mr. Arredondo would be facing a guideline range of 10-16 months based on an Offense Level of 11 and a Criminal History Category of II.

While the Government filed, what appears to be, a PSR objection in their Sentencing Memorandum, it was filed well out of time and their argument is waived. Doc. No. 56 at 18-21. Local Rule 32.2(a) specifically gives parties 14 days to respond to the initial PSR. The PSR was filed on March 28, 2024. Doc. No. 52. The Government did not file an objection to the PSR, and instead incorporated an entirely different guideline calculation into their sentencing memorandum on April 25, 2024, well after the 14 days required. Therefore, their arguments as to guideline calculations are waived.[2]

## I.  Legal Argument

### a. Mr. Arredondo's actions were much less violent than others charged with similar offenses. Sentencing Mr. Arredondo similarly would create disparities.

18 U.S.C. § 3553(a)(6) instructs the Court to "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of

---

[2] Even if their arguments weren't waived, they are incorrect. Counts 1 and 2 were properly grouped as they have a common victim and common harm. *See* PSR ¶ 32. Count 4 is also not subject to the Aggravated Assault Cross Reference as the conduct does not involve a "felonious assault" as required under Ap. Note 1 of U.S.S.G. §2A2.4. It is a misdemeanor, and none of the behavior it encompasses could properly be considered "assaultive."

similar conduct." *See, e.g., United States v. Presley*, 547 F.3d 625 (6th Cir. 2008); *United States v. Begin*, 696 F.3d 405 (3d Cir. 2012); *United States v. Martin*, 520 F.3d 87 (1st Cir. 2008).

If the Court denies Mr. Arredondo's PSR objection and uses the Aggravated Assault cross-reference under U.S.S.G. §2A2.4(c), Mr. Arredondo would respectfully request that the Court vary downward in his case to avoid sentencing disparities. Mr. Arredondo's actions were not commensurate with the average defendant sentenced for similar charges.

Of all January 6th defendants who were sentenced to prison, the average sentence was 180 days. NPR, The January 6th Attack: The Cases Behind the Biggest Criminal Investigation in U.S. History (2024), https://www.npr.org/2021/02/09/965472049/the-capitol-siege-the-arrested-and-their-stories (last visited Apr. 23, 2024).

Those who were sentenced on similar charges to Mr. Arredondo were, on average, much more violent than him. They, for example: threw chairs at officers, sprayed a fire extinguisher over officers, tackled and injured officers, broke windows and sprayed bear spray, jabbed at and attempted to strike officers with a flag pole, used a baton to assault multiple officers, assaulted a photographer and used a taser against officers, punched and kicked police, hit an officer in the face with a coffee tumbler, pushed an officer down the stairs, punched an officer in the head, kicked and stomped on equipment, grabbed an officer's baton, struck an officer and grabbed his gas mask, shoved police before breaking a window and entering the capitol, struck

an officer with a skateboard, and took part in beating an officer with various items. *NPR,* Database of Jan. 6 Capitol Riot Cases, https://www.npr.org/2021/02/09/965472049/the-capitol-siege-the-arrested-and-their-stories (last visited Apr. 22, 2024).

Mr. Arredondo, on the other hand, grabbed the arm of a police officer who was stuck behind a door, attempting to assist him in getting out. *See* Video of East Rotunda Doors-Outside (attached as Exhibit 2); Video of East Rotunda Doors-Inside (attached as Exhibit 3); Officer Thomas Maney's statement to FBI on October 18, 2022 (attached as Exhibit 4); Officer Joshua D. Pollitt's testimony transcript on September 21, 2022 in *United States of America v. John Herbert Strand* 21-CR-0085-CRC (attached as Exhibit 5)  He pushed bike rack fencing. *See* Video of East Side Bike Racks (attached as Exhibits  6 & 7); PSR ¶ 11. These actions are not as aggressive as those who were similarly charged. As such, a sentence within the guideline range calculated under U.S.S.G. §2A2.4(c) would be disproportionate in this case.

Mr. Arredondo's behavior that day was out of character for him. He has grown into a devoted father and husband. Typically, Mr. Arredondo leads a quiet life without any conflict at all. *See* KVIA News Clip (attached as Exhibit 1).

## II.    Conclusion

While Mr. Arredondo is deeply ashamed of his actions on January 6th, he was not nearly as violent as others charged with the same or similar offenses. Because of this, Mr. Arredondo respectfully requests a sentence below his guideline range.

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender


/S/
JOHN P. CALHOUN
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Mr. Arredondo*


## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May 2024, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: AUSA, Raymond K. Woo, United States Attorney's Office District of Columbia 601 D. St. NW Washington, D.C. 20001.

/S/
JOHN P. CALHOUN
*Attorney for Mr. Arredondo*